FRANKLIN F. FLINT *vs.* ISAAC W. WEBB.

June 6, 1878.

Tax Deed.—A tax deed that purports and is intended to convey other and different premises than those authorized to be sold by the tax-judgment upon which it rests, and described in the certificate of sale in pursuance of which it was given, was inoperative and void.

Assessments for Local Improvements.—Under Sp. Laws 1871, *c.* 32, as amended by Sp. Laws 1872, *c.* 2, authorizing the city of St. Paul to levy assessments for local improvements, an assessment made upon a lot for building a sidewalk does not become a lien upon the lot until confirmation, after due notice given as therein prescribed. The statutory requisites of such a notice must be strictly complied with, to render the confirmation valid.

Action on three promissory notes. Defence that the notes were given for the purchase-money of certain real estate sold by plaintiff to defendant, the title to which had wholly failed. A jury was waived, and the action tried in the district court for Ramsey county, before *Brill*, J., upon whose findings judgment was entered for the plaintiff, and the defendant appealed.

*Morris Lamprey*, for appellant.

*Geo. L. & Chas. E. Otis*, for respondent.

CORNELL, J. To prove a failure of title in respect to the premises conveyed by plaintiff to defendant, reliance is

placed upon a tax-deed from the city of St. Paul to one Phillips, purporting to grant the same premises, which are described as "Lot number twelve (12) in block number seven (7) Rice and Irvine's addition to the city of St. Paul, Ramsey county, state of Minnesota." The efficacy of this deed, as a conveyance of this lot, is the main question for determination in this case. Its effect, under the statute, as *prima-facie* evidence of title, need not be considered, for instead of contenting himself with using it for that purpose, the defendant voluntarily and affirmatively proved the sole authority and all the facts upon which its validity is claimed to depend, and, if these are insufficient to give it vitality as an operative conveyance to transfer the title to the premises in question, it must fail. The statutory presumption affixed to instruments of this character has no application to a case where proof is actually made of all the facts and circumstances upon which the tax-deed rests for its support. The deed itself, in this case, recites that, in pursuance of a judgment rendered in the district court of Ramsey county, and of an order of sale issued thereon, said premises were sold to the city of St. Paul by its treasurer; that the certificate of sale which was issued thereon to said city was transferred to one Gustav Willius, and by him to Phillips; and that, the period for redemption having expired, and no redemption having been made, the said premises were by said deed granted to said Phillips, his heirs and assigns, forever, in pursuance of, and, as therein stated, "upon said city treasurer's certificate of sale No. 177 A, issued for sidewalks built under M. B. Farrell's contract of August 22, 1872." In support of the deed, and as authority therefor, defendant proved said certificate of sale, the order of sale, and judgment, together with the judgment-roll and all the record files therewith connected, containing, among other things, the report of the city treasurer of the delinquent assessments upon which the judgment was obtained, and the order for judgment. He also introduced in evidence a notice of application for judgment against sev-

eral lots, on account of delinquent unpaid assessments for grading certain streets, and laying certain sidewalks therein specified, together with proof of constructive service thereof by publication. Though this notice, with proof of service, was not in fact incorporated in the judgment-roll, nor made a part of the record files of the alleged proceeding against the lot in question, yet it was proved as a fact, by defendant, that it was the only notice that had ever been served, and the one upon which the court acted in taking cognizance of the matter, and in rendering its judgment in the premises. The record before us contains a full copy of all these papers and proceedings.

The tax-deed purports to convey "Lot number twelve (12), in block number seven (7), Rice and Irvine's addition to the city of St. Paul, Ramsey county, state of Minnesota." The certificate of sale states that the premises which were offered for sale, and sold, in pursuance of the judgment and the order of sale issued thereon, were "Lot twelve (12), in block seven (7), Rice and Irvine's addition, *south side of Fourth street,* all in the city of St. Paul, Ramsey county, state of Minnesota." This latter description corresponds with that contained in the order of sale, and the judgment itself upon which the order was founded. It appears from the findings and evidence, that Fourth and Fifth streets, in the city of St. Paul, traverse Rice and Irvine's addition, nearly parallel with each other, in a general course east and west, the line or location of the former being south of the latter, and distant therefrom one entire tier of blocks. The property in question, and which is described in the deed from plaintiff to defendant, as "Lot number twelve (12), of block numbered seven (7), of Rice and Irvine's addition to the city of St. Paul, Minn., according to the plat thereof," is situated on the north side of Fifth street, and adjoining it. Whether the plat of this addition contains another lot and block similarly numbered on the south side of Fourth street, but distinguished from the other by its locality with reference to that street or otherwise, is not dis-

closed by either the findings or evidence. In the absence of
any evidence upon the subject, the contrary cannot be pre-
sumed, as the existence of such a state of facts is not impos-
sible, nor so improbable as to justify any inference of this
kind. The two descriptions, then, cannot be regarded as
identical in meaning, or as intended to indicate the same par-
cel of land. If the land described in the tax-deed, and which
was intended to be conveyed by it, was a different parcel from
that which was sold under the judgment, and which was
evidenced by the certificate of sale, it is clear that the deed
was a nullity, as it was made without any authority. The
officers executing it were only authorized to make a convey-
ance in pursuance of the certificate, and for the specific tract
or lot that was mentioned in the judgment, and sold under it.

If, however, as defendant claims, the reference to the certifi-
cate in the deed, and its recitals, are sufficient to identify the
premises therein described, as being the same as those men-
tioned in the certificate and judgment, then the question
recurs whether the judgment itself in any way relates to or
affects the lot which was granted to the defendant by the
plaintiff. In both the order for judgment, and in the judg-
ment itself, the property adjudged to be sold is described, in
terms, as "Lot 12, block 7, Rice and Irvine's addition, *south
side of Fourth street.*" In order to give the court any juris-
diction in proceedings of this character, the city treasurer is
required to give notice of his intended application for judg-
ment, in the manner required by statute, and to file with the
clerk of the court a report of the delinquent assessments
standing against each parcel or tract of land in respect to
which he asks a judgment of sale. Such notice, with proof
of service by publication where service is so made, he is
required to file with his report. The notice must state the
term of court, general or special, and the time and place, at
which the application will be made, and must "briefly specify
the respective warrants upon which such application is to be
made, and a description of the property against which judg-

ment is desired, and request all persons interested to attend at said term." These papers the clerk is directed to "receive and preserve," and also to "record thereon all judgments, orders, and other proceedings of the court in relation thereto." Upon the filing of said reports, the court is to proceed to the hearing of the same, and in case no objection is made, it "shall pronounce judgment against the several lots and parcels of land described in said reports,    *    *    *    *    for the amount of the assessment, damages and costs due severally thereon." Sp. Laws 1871, *c.* 32, §§ 36–39, as amended by Sp. Laws 1872, *c.* 2. It would seem from these provisions that in making up the judgment-roll in every proceeding of this character, the notice of application for judgment, with proof of service, and the report of the city treasurer, should constitute a part thereof; and it would also seem to be unnecessary to incorporate therewith any other paper or record relating to matters occurring prior to the proceeding in court. If, therefore, upon the inspection alone of the judgment in this case, any question of ambiguity could properly be suggested in reference to its subject-matter, or otherwise, while it might be permitted to refer to the notice of application and the report, as proper parts of the judgment-roll, to explain its meaning, a reference to any other paper for that purpose, even though improperly made a part of the judgment-roll by the clerk, would not be allowed.

The omission of the clerk, in making up the judgment-roll in this instance, to file therewith the notice upon which the court proceeded and rendered its judgment, is unimportant in this case, because the defendant has supplied the defect, if any, by his own proofs. Referring, then, to the report and notice, we find this state of facts: In the report, the description of the property upon which the city treasurer claimed there was a delinquent assessment, on account of which judgment was sought, corresponds exactly with that contained in the judgment. The notice is as follows: "Application will be made to the district court in and for the county of Ram-

v.25m—7

sey, at the special term held Saturday, June 7, 1873, at the court-house, etc., for judgment against the several lots and real estate embraced in different warrants in my hands, for the collection of unpaid assessments, with interest and cost thereon, for (among other things) sidewalks laid, under M. B. Farrell's contract of August 22, 1872, on south side of Fourth street." "The owners and descriptions of lots and real estate are as follows: * * * * *

"SIDEWALKS UNDER M. B. FARRELL'S CONTRACT OF AUGUST 22, 1872.

"*Rice & Irvine's Addition—South Side of 4th Street.*

"J. C. Ramsey, 24 feet e. of w. 48 feet of - - 3 16 16 56
　*　　*　　*　　*　　*　　*　　*　　*　　*
" F. F. Flint - - - - - 12 7 42 78"

This comprises all that is claimed to have any reference to the premises in controversy. Assuming that the numerals 12 and 7 refer, the former to a lot and the latter to a block, the information conveyed by this notice is, that a sidewalk had been laid on the south side of Fourth street, adjoining such lot; that an assessment had been levied upon the lot therefor, which had become delinquent; and that a judgment would be asked against the same, to satisfy such assessment, with costs. No one could infer therefrom that any sidewalk had been constructed on Fifth street, and that an assessment therefor had ever been made upon any property adjacent thereto. Whether, therefore, the judgment is considered alone, or in connection with the report and notice upon which it was based, it is quite clear that it cannot be construed as in any way relating to or affecting the lot on Fifth street granted by plaintiff to defendant. In view of this conclusion, it becomes unnecessary to consider the numerous objections made to the validity of the judgment, for, whether valid or invalid, it furnishes no foundation whatever upon which the tax-deed in controversy—which relates to a lot on the south side of Fourth street—can be supported.

The only other question necessary to consider, in order to dispose of the case, relates to the alleged lien of the assessment upon the property conveyed by plaintiff to defendant, at the time of the conveyance. To constitute it a lien under any circumstances, a prior confirmation by the board of public works, upon due notice given as prescribed by statute, was essential. It was requisite that this notice should state, in substance, "that such assessment has been completed, and entered" in the book kept for that purpose by the clerk of the board; "and that, at a time and place therein specified, the said board shall meet for the purpose of hearing objections; and that, unless sufficient cause is shown to the contrary, the same will be confirmed." Sp. Laws 1872, *c.* 2, §§ 9, 16, pp. 29, 34. The purpose of this notice was to give the requisite information to enable any one, upon reading it, to determine whether his property interests were in any way to be affected by the assessment, and, if so, when and where he could be heard in respect thereto. Like every notice of this character, the statutory requirements as to what it shall contain, and how it shall be given, must be scrupulously observed. Cooley on Taxation, 218, 266–7, 529. The only notice given in this case was by publication. It omitted to state in what year the meeting for confirmation would be held. The only sidewalk assessments therein mentioned or referred to, are "For building sidewalks specified in contracts with J. P. Gribben, dated July 9, 1872, and September 21, 1872, on file in this office," and "For building sidewalks specified in contracts with M. B. Farrell, dated July 25, 1872, and August 22, 1872, on file in this office." It contains nothing to indicate where, or upon what streets, these sidewalks had been laid, upon what property the assessments therefor had been made, or whose interests were affected by them. The fact that such sidewalks were built under certain contracts on file with the clerk, imparted no such information, constructively or otherwise, for no provision of statute gives any such effect to the filing of such contracts with that officer. No one, in reading

this notice, would be apprised that any real estate belonging to him was, or would be, in any manner, directly affected by either of such assessments; nor was he required to pay any attention thereto, in order to protect himself against the same. Being thus defective, it gave the board no jurisdiction to proceed with the confirmation, and their action in the premises was a nullity.

Judgment affirmed.